IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN SANTIAGO,

    Plaintiff,

v.       CASE NO. 5:18-cv-170-MCR-GRJ

OFFICER DIKES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983 and a motion for leave to proceed as a pauper. ECF Nos. 1, 2. A review of the complaint discloses that the facts and claims are nearly identical to those in the complaint currently pending before this Court in *Santiago v. Dep't of Corrections*, Case No. 5:17-cv-74-MCR-EMT.[1] In that case, the Court has granted Plaintiff leave to proceed as a pauper and directed Plaintiff to file an amended civil rights complaint. *See* ECF Nos. 8, 9 in Case No. 5:17-cv-74-MCR-EMT.

---

[1] The difference between the complaints is that in this case Plaintiff provides the name of unknown officers and some additional details. Rather than filing a new case with this information, Plaintiff should include those added names and details to his amended complaint in Case No. 5:17-cv-74-MCR-EMT.

"As part of its general power to administer its docket, a district court my stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank,* 226 F.3d 133, 138 (2d Cir. 2000). Furthermore, in the federal court system, "the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F. 2d 1541, 1551 (11th Cir. 1986). "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis,* 226 F.3d at 138–139.

Plaintiff is proceeding in two cases that name Captain Barber and other prison officials at NWFRC Main Unit regarding an assault on January 12, 2017, and the subsequent denial of medical care. This second case should, therefore, be dismissed as duplicative, pursuant to the Court's general power in managing its docket. *See also* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.,* 370 U.S. 626, 629-32 (1961).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case should be **DISMISSED** as duplicative.

2. All pending motions should be **DENIED as moot**.

3. Plaintiff is advised that his case will proceed under Case No. 5:17-cv-74-MCR-EMT, and he currently has until July 27, 2018, to amend his complaint. Nothing in this report and recommendation or any order adopting the report and recommendation changes Plaintiff's obligations in Case No. 5:17-cv-74-MCR-EMT.

**IN CHAMBERS** this 25th day of July 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.